IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY DAVIS, Inmate #N62851,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**JULIUS C. FLAGG, ROD R.** )<br>**BLAGOJEVICH, and ROGER E.** )<br>**WALKER, JR.,** )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-248-GPM** |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that on February 26, 2006, upon returning to his cell from the dayroom, he began arguing with his cellmate. At some point in the argument, his cellmate, Harris, "jumped into [his] face" and started punching him in the face. Plaintiff fell to the floor and managed to crawl to the cell door, which he kicked to attract the attention of a guard. Corrections Officer Spiller (not a defendant) came to the door, saw Plaintiff bleeding, and removed Plaintiff from the cell. Lieutenant Carriker (not a defendant) questioned Plaintiff regarding the altercation and then took him to the health care unit for treatment of his injuries, namely, a cut under his left eye and bruising and swelling on the left side of his face. After his injuries were treated, Plaintiff was taken to segregation on investigative status.

According to exhibits submitted with the complaint, on March 8, 2006, Plaintiff was charged with fighting. At a subsequent disciplinary hearing, Plaintiff pleaded not guilty to the charges, stating that he was not fighting, he was assaulted. Based on the statements of the reporting officers, inmate Harris, and Plaintiff himself and based upon injuries to both inmate Harris and Plaintiff, Plaintiff was found guilty of fighting. He was disciplined with one month in segregation and a one-month demotion to c-grade. In this action, Plaintiff challenges the disciplinary proceedings and argues that he should not have been found guilty because he was not involved in a fight but, rather, was assaulted.[1]

---

[1] The Court notes that Plaintiff includes as exhibits a disciplinary report and hearing committee report on charges of giving false information to a prison employee for sending to this Court a letter in which he stated he had not received adequate medical care of the injuries

**LEGAL STANDARDS**

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for one month. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while

---

sustained in the altercation with his cellmate. Plaintiff, however, makes no statement in his statement of claims regarding these reports.

in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois.  Therefore, Plaintiff's due process claim is without merit.

Plaintiff was also demoted to c-grade for one month.  This allegation, too, does not present a viable constitutional claim.  *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (and cases cited therein) (no protected liberty interest in demotion to c-grade status).

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  01/29/07

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge